# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cr271

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| HARRIET HOLLY HOLLOMAN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on July 16, 2007 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with her counsel, attorney David Belser, and that the Government was present through Assistant United States Attorney, Jill Rose, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through her attorney, admitted the allegations contained in the violation report filed on July 16, 2007. The violation report was entered into evidence without any objection.

The defendant was charged, in a bill of information, with concealing a felony in violation of Title 18 U.S.C. § 4. The bill of information was filed on December 7, 2006. A

hearing was held in regard to the detention of the defendant on December 20, 2006. On that date, the undersigned entered an order releasing the defendant on a $25,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1) That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m) Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On May 31, 2007, the defendant submitted to an urinalysis drug test at which time the defendant tested positive for the use of marijuana. The defendant admitted having used marijuana approximately seven to eight days prior to the test.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
   (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
   (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2) finds that ---
   (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the person
will not flee or pose a danger to the safety of any other person or the community; or
   (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a
Federal, State, or local felony, a rebuttable presumption arises that no condition

or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a state crime while on release. The defendant possessed marijuana so that she could consume that substance. That possession violated state law, that being N.C.G.S. § 90-95(a)(3). There is no evidence to show that by possessing the marijuana, the defendant committed a felony. As a result, a rebuttable presumption does not arise, that there are no condition or combination of conditions that would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence, that the defendant has violated the term and conditions that states that she was to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing and consuming marijuana which is a drug which is not prescribed by licensed medical practitioners.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions,

that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending sentencing and further proceedings in this matter. The court further directs and **ORDERS** that this matter be recalendared for further hearing as to the issue of pretrial release on July 31, 2007.

Signed: July 25, 2007

_Dennis L. Howell_
Dennis L. Howell
United States Magistrate Judge